# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: Brendan O'Malley | ) | Case No. |
| | ) | |
| Plaintiff | ) | COMPLAINT |
| | ) | |
| v. | ) | July Demand Requested |
| | ) | |
| Citibank, N.A. | ) | |
| | ) | |
| Defendant | ) | |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Now comes Plaintiff, by and through his attorneys, and, for her Complaint alleges as follows:

I. INTRODUCTION

1. This is an action for actual and statutory damages brought by an individual consumer for Defendant's violations of the Telephone Consumer Protection Act of 1991 (herein referred to as the "TCPA")

2. Defendant is the consumer bank division of the financial services multination, Citigroup.

3. Throughout this action, Plaintiff seeks injunctive relief to hald Defendant's illegal conduct, which has resulted in the invasion of privacy, harassment, aggravation, and disruption of his daily life. Plaintiff also seeks statutory damages, and any other available legal or eqauitbale remedies.

II. JURISDICTION AND VENUE

4. Subject matter jurisdiction of this Court arises under 28 U.S.C. Section 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. Section 227, et seq. ("TCPA").

5. The Court has personal jurisdiction over Defendant because Defendant directs, markets, and provides its business activities throughout the State

6. of Illinois. Further, this Court has personal jurisdiction over Defendant because Defendant's tortious conduct against Plaintiff occurred in part within this District.

6. Venue is proper in this district under 28 U.S.C. Section 1391(b) in that the Defendant transacts business in the Northern District of Illinois and the conduct complained of occurred in Northern District of Illinois.

### III. PARTIES

7. Plaintiff, Brendan O'Malley is a natural person residing in County of Dupage and State of Illinois.
8. Defendant, Citibank, NA, is a national banking association, organized under the laws of the United States, and is located in Sioux Falls, South Dakota. Defendant directs, markets, and provides its business activities throughout the state of Illinois.

### IV. THE TCPA

9. The TCPA prohibits: (1) any person from calling a cellular telephone; (2) using an artificial or prerecorded voice; (3) without the recipient's prior express consent. 47 U.S.C. Section 227(b)(1)(A).
10. Further, the TCPA prohibits initiating any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party. 47 U.S.C. Section 227(b)(1)(B).
11. The TCPA exists to prevent communications like the ones described within this Complaint. See *Mims v. Arrow Fin Servs.*, LLC, 132 S. Ct. 740, 744 (2012).
12. In an action under the TCPA, a plaintiff must show only that the defendant "called a number assigned to a cellular telephone service using an automatic dialing system or precredorded voice." *Breslow v. Wells Fargo Bank, N.A.*, 857 F. Supp. 2d 1316, 1319 (S.D. Fla. 2012), aff'd, 755 F.3d

1265 (11th Cir. 2014)

13. The Federal Communications Commission ("FCC") is empowered to issue rules and regulations implementing the TCPA. According to the FCC's findings, calls in violation of the TCPA are prohibited because, as Congress found, automated or precrecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvienent. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after minutes are used. Rules and Regulations Implementing the Telephone Consumer Protecation Act of 1991. CG Docket No. 02-278, Report and Order, 18 FCC Red 14014 (2003).

14. Consent under the TCPA can be revoked. Osorio v. State Farm Bank, F.S.B. 746 F.3d 1242, 1255 (11th Cir. 2014) (holding that prior consent under 47 U.S.C. Section 227 (b)(1)(A)(iii) may be revoked orally; noting "that allowing consent to be revoked orally is consistent with the 'government interest articulated in the legislative history of the Act [that] enabl[es] the recipient to contact the caller to stop future calls.'"); In the Matter of Rules and Regulations Implementing the Tel. Consumer Protection, 30 FCC Rcd. 7961, 7996 Section 47, 64 ("[A] called party may revoke consent at any time and through any reasonable means. A caller may not limit the manner in which revocation may occur. Moreover, we emphasize that regardless of the means by which a caller obtains consent, under longstanding Commission precedent, if any question arises as to whether prior express consent was provided by a call recipient, the burden is on the caller to prove that it obtained necessary prior express consent…."Consumers have a right to revoke consent, using any reasonable method including orally or in writing.")

V. FACTS

15. Plaintiff had a debt with Defendant.
16. On, March 21, 2021, Plaintiff filed for Chapter 7 Bankruptcy relief due to his unsecured debt, including his obligations to Defendant.

17. The United States Bankruptcy Court sent Notice to all of Plaintiff's Creditors, including Defendant. See Exhibit A.
18. Defendant received actual notification of Plaintiff's Bankruptcy on March 27, 2021. See Exhibit A.
19. The Notice, described in Exhibit A, advised Defendant, that the Automatic Stay under 11 U.S.C. Section 362 prevents collection activities such as the kind Defendant is and has been attempting.
20. Defendant has placed approximately sixty (60) automated calls, in violation of the TCPA to Plaintiff.
21. Plaintiff received the subject prerecorded messages within this District and, therefore, Defendant's violations of the TCPA occurred within this District.
22. Defendant's illegal and unsolicited calls caused Plaintiff additional harm, including invasion of privacy, aggravation, annoyance, intrusion on seclusion, trespass, and conversion. Defendant's calls also inconvenienced Plaintiff and caused disruption to his daily life.
23. Moreover, Defendant has invaded Plaintiff's privacy by the aforementioned actions.

## COUNT I
## Violatiions of the TCPA, 47 U.S.C. § 227(b)
### (on Behalf of Plaintiff and the Class

24. Plaintiff re-alleges and incorporates the foregoing allegations as if fully set forth herein.
25. It is a violation of the TCPA to make "any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any artificial or prerecorded voice to any telephone number assigned to a cellular telephone service…" 47 U.S.C. § 227(b)(1)(A)(iii).
26. It is alos a violation of the TCPA to "initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver

a message without the prior express consent of the called party…." 47 U.S.C. § 227(b)(1)(B).

27. Defendant – or third parties directed by Defendant – transmitted calls using an artificial or prerecorded voice to the cellular or residential telephone numbers of Plaintiff.

28. These calls were made without regard to whether or not Defendant had first obtained express permission from the called party to make such calls.

29. In fact, Defendant did not have prior express consent to call the telephones of Plaintiff when its calls were made because any consent ws explicitly revoked.

30. Defendant has, therefore, violated § 227(b)(1) of the TCPA by using an artificial or prerecorded voice to make non-emergency telephone calls to the residential phones and cell phones of Plaintiff without their prior express consent.

31. The violations were willful or knowing because Defendant knew that it did not have prior express consent to make these calls.

32. As a result of Defendant's conduct and pursuant to § 227(b)(3) of the TCPA, Plaintiff and the other members of the putative Class were harmed and are each entitled to a minimum of $500.00 in damages for each violation. Plaintiff and the members of the Class are also entitled to an injunction against future calls. *Id*.

33. Because Defendant knew or should have known that Plaintiff and the other members of the putative Class had revoked any express consent to receive its messages to their telephones the Court should treble the amount of statutory damages available to Plaintiff pursuant to § 227(b)(3) of the TCPA.

COUNT II

Violations of 47 C.F.R. § 64.1200

(On Behalf of Plaintiff and the No Consent Class)

34. Plaintiff re-alleges and incorporates the alleations of paragraphs 1-33 as if fully set forth herein.
35. It is a violation of the TCPA regulations promulgated by the FCC to "initiate any telephone call (other than a call made for emergency purposes or is made with the prior express consent of the called party) using [] an artificial or prerecorded voice…To any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call". 47 C.F.R. § 64.1200(a)(1)(iii).
36. Defendant – or third parties directed by Defendant – transmitted calls using an artificial or prerecorded voice to the cellular or residential telephone numbers of Plaintiff and members of the putative class.
37. These calls were made without regard to whether or not Defendant had first obtained express permission from the called party to make such calls.
38. In fact, Defendant did not have prior express consent to call the telephones of Plaintiff when its calls were made because any consent was explicitly revoked.
39. Deendant has, therefore , 47 C.F.R § 64.1200(a)(1)(3) by using and artificial or prerecorded voice to the telephones of Plaintiff without their prior express consent.
40. The violations were willful or knowing because Defendant knew that it did not have prior express consent to make these calls.
41. As a result of Defendant's conduct and pursuant to § 227(b)(3) of the TCPA, Plaintiff is entitled to a minimum of $50.00 in damages for each violation. Plaintiff is also entitled to and injunction against future calls, *Id*.
42. Because Defendant knew or should have known that Plaintiff had revoked any express consent to receive its messages to their telephones the Court should treble the amount of statutory damages available to Plaintiff pursuant to § 227(b)(3) of the TCPA.

WHEREFORE, the Court should enter Judgment in favor of Plaintiff and against Defendant for:

(1) Acutal damages;

(2) Statutory damages pursuant to 47 U.S.C. Section 227(b)(3).

(3) Treble damages pursunt to 47 U.S.C. Section227(d)(3);

(4) For such other and further relief as my be just and proper.

November 3, 2017

                                        Respectfully submitted,

                                      /s/ John Carlin
                                      John P. Carlin #6277222
                                      Suburban Legal Group, PC
                                      1305 Remington Rd., Ste. C
                                      Schaumburg, IL 60173
                                      jcarlin@suburbanlegalgroup.com
                                      Attorney for Plaintiff

**IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION**